IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

JOSH HAYNES                                                                                          PLAINTIFF
ADC #139661

V.                                       NO: 4:15CV00196 KGB/JWC

WHITE COUNTY DETENTION CENTER                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Josh Haynes, who is currently held at the White County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on April 6, 2015.

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was denied his exercise or recreation hour from March 6, 2015, to April 3, 2015; guards acted in a harassing manner from March 6, 2015, to April 3, 2015; his legal mail was withheld from him for "long periods of time" from March 9, 2015, to March 30, 2015; he was denied proper access to the law library from March 6, 2015, to April 3, 2015; his grievances were not handled properly from March 6, 2015, to April 3, 2015, and he slept on the floor without a mat or cushion from March 6, 2015, to March 9, 2015.  Because Plaintiff has failed to state a claim for relief, his complaint should be dismissed.

First, Plaintiff's complaint should be dismissed because he named as a Defendant only the White County Detention Center, which is not an entity subject to suit under § 1983. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jails are not legal entities amenable to suit). Furthermore, even if Plaintiff had named an appropriate Defendant, dismissal of his complaint would still be required.

Plaintiff's claims that he was denied an hour of exercise for about a month, and that he was required to sleep on the floor for four days do not, for the limited period of time Plaintiff experienced the conditions, describe a constitutional violation. *See*, *e.g.*, *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (thirty-seven days without exercise was not a constitutional violation); *Goldman v. Forbus*, 17 Fed.Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation). To the extent guards may have harassed him, their conduct may have been unprofessional, but Plaintiff has alleged no facts to state a claim for a constitutional violation. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992) (verbal threats and insults are generally not a constitutional violation). Although Plaintiff complains that his legal mail was delayed, there is no allegation he sustained an injury to any legal claim. *See Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008)(denial of access to courts claim must be supported by showing of actual injury, i.e., that a non-frivolous legal claim was frustrated or impeded). Likewise, there are no factual allegations to suggest any law library deficiencies resulted in any injury in a legal proceeding. In *Walton v. Toney*, 44 Fed. Appx. 49 (8th Cir. 2002), the Eighth Circuit Court of Appeals, citing *Lewis v. Casey*, 518 U.S. 343 (1996), noted that to "prevail on an access-to-courts claim, an inmate must show actual injury, that is: 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue

3

a legal claim'; 'demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded.'" Finally, even if Plaintiff's grievances were mishandled, there was no constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Accordingly, Plaintiff's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 13th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE